FAITH A. WATERWORTH, administratrix, *vs.* AMERICAN
ORDER OF DRUIDS.

Bristol.   October 31, 1895. — November 27, 1895.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Beneficiary Association — Certificate of Membership — Failure to pay
Assessment — Action.*

A defence to an action on a certificate of membership in a beneficiary association
cannot be maintained on the ground that the deceased in his lifetime ceased to
be a member of the defendant corporation by reason of his failure to pay an
assessment made in accordance with the by-laws, if, so far as appears, he en-
deavored faithfully to perform his duties as a member, and certain complications
which arose were caused by a mistake for which he was not responsible.

CONTRACT, to recover $2,000 on a certificate of membership
issued by the defendant, a beneficiary association, to William
C. Waterworth, for the benefit of Sarah Waterworth, his wife.
After the beginning of the action, Sarah Waterworth having
died, the plaintiff, as her administratrix, was admitted to prose-
cute the same.   Trial in the Superior Court, before *Sherman*,
J., who directed a verdict for the defendant, and, at the request
of the parties, reported the case for the determination of this
court.   If the plaintiff was entitled to recover, judgment was to
be entered for her for $1,485, with interest from the date of the
writ; otherwise, judgment was to be entered for the defendant.
The facts appear in the opinion.

*J. W. Cummings & C. R. Cummings*, for the plaintiff.

*M. G. B. Swift & G. Grime*, for the defendant.

KNOWLTON, J.   The only alleged ground of defence to this
suit is that William C. Waterworth in his lifetime ceased to be
a member of the defendant corporation by reason of his failure
to pay the fiftieth assessment made in accordance with the by-
laws.   So far as appears, he endeavored faithfully to perform
his duties as a member, and the complications which have
arisen were caused by a mistake for which he was not respon-
sible.   He was ill for a considerable time before his death, and
when he paid the forty-ninth assessment he sent the money
by his son, and by him sent notice of his change of residence

from North Court' Street to No. 11 Suffolk Street. The son, being unable to get into the lodge, left the money and a notice of the change of residence with an officer of the lodge on duty at the door, who sent in the money and communicated the information to the collector inside. The collector received it there, and by his mistake or that of one of the intervening messengers entered the residence on the book as No. 12 Suffolk Street instead of No. 11. William C. Waterworth had no knowledge of the fiftieth assessment when it was made, but received notice of the fifty-first, and paid it promptly. At some time after making this payment, he was notified by the collector that he was suspended for non-payment of the fiftieth assessment. He then sent one dollar, which was the amount of the assessment, and made an application for reinstatement, which had the recommendation of but one member instead of two as required by the by-laws, and he wrote upon it the words, "Sir: I never received the 50th assessment." Before it was acted upon, he died. Unless he lost his rights as a member by his failure to pay the assessment, the plaintiff is entitled to recover.

The by-laws are in part as follows: " It shall be the duty of the collector to at once notify every member liable to an assessment. . . . This notice may be mailed to or left at the last known post office address or residence of a member, or handed to him in person, and when so mailed or delivered it shall be a legal and sufficient notice to the member. Each member shall notify the collector of any change of address to which such notice shall be forwarded. Each member shall pay the amount due on notice of the collector within thirty days from the date of such notice, and any member failing to pay such assessment within thirty days shall stand suspended from the order and all benefits therefrom, and should the member die during the period of such suspension no benefit shall be paid to his or her beneficiary. The collector shall immediately notify the Prior of the date of such suspension, and the Prior shall announce the suspension and date thereof at the next meeting of the council," etc.

In this case no notice was given to the deceased, as required by the by-laws. The notice was not mailed to his last known post office address or residence, and the place to which it was

directed was never his address or place of residence. His failure to pay within thirty days under these circumstances could not work a suspension of his membership, and if his membership could have been suspended by his failure to pay, followed by notice from the collector to the Prior of his suspension in the belief that he had been properly notified, and an announcement by the Prior of the "suspension and date thereof at the next meeting of the council," upon which we express no opinion, there was no such notification or announcement, nor anything upon the records of the subordinate council in regard to the matter. Inasmuch as the failure to pay did not work a suspension, and there were no proceedings founded upon it in the subordinate council to cause a suspension, his rights as a member were never lost, and, the defendant having received the amount of the assessment which he sent when he heard that it was due, there is nothing to preclude the plaintiff from the recovery which she seeks. The imperfect application for a reinstatement, accompanied as it was by a declaration that he was not in default, was not a waiver of his rights. According to the terms of the report there must be,

*Judgment for the plaintiff.*